IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BARBARA M. BUSH | * | |
| Plaintiff | | |
| v. | * | CIVIL ACTION NO. AMD-09-2002 |
| CYNTHIA DAVIS | * | |
| ANNETTE PAYNE | | |
| CINDY PEARRE | * | |
| RONALD L. MILLER | | |
| REALTY MANAGEMENT SERVICES, INC. | * | |
| DON STOCKS | | |
| KHADIJAH JENKINS | * | |
| ANN SCHROEDER | | |
| Defendants. | * | |

***

MEMORANDUM

On July 29, 2009, plaintiff Barbara M. Bush filed a *pro se* complaint which cites to the Fair Housing Act ("FHA"). Bush states that she requires placement in a handicapped accessible apartment or home so she does not have to climb stairs.[1] Paper No. 1. She asserts that this accommodation is necessary because she has a permanent left hemi-paresis with significant "weakness of her left extremities…that limits her ability to perform her regular daily activities…" *Id*. Bush claims that she has asked for and been refused accommodation requests. She asserts that at various times defendants have denied her a lease, first floor apartment, and $125.00 for "advanced rent." Because she appears indigent, Bush's request for waiver of filing fee shall be granted.

Plaintiff's FHA claims are apparently based on defendants' alleged failure to make reasonable accommodations in connection with plaintiff's claimed disabilities. To establish a discrimination claim for failure to provide a reasonable accommodation under the FHA, plaintiff must prove that

---

[1] Bush's documentation suggests that she has a left hemi-paresis with significant weakness of her left extremities that limits her ability to perform her regular daily activities, such as walking or climbing stairs.

"(1) [s]he suffers from a handicap as defined by the FHA[ ]; (2) defendants knew or reasonably should have known of plaintiff's handicap; (3) accommodation of the handicap 'may be necessary' to afford plaintiff an equal opportunity to use and enjoy the dwelling; and (4) defendants refused to make such accommodation." *See Lanier v. Ass'n of Apartment Owners of Villas of Kamali*, CV No. 06-00558, 2007 WL 842069, at *5 (D. Haw. March 16, 2007) (quoting *Giebeler v. M & B Assocs.*, 343 F.3d 1143, 1147 (9th Cir. 2003)); *see also* 42 U.S.C. § 3604(f)(3)(B).

Bush discussed her physical limitations, but provides no underlying documentation showing that she communicated these alleged disabilities to any of the defendants and that an accommodation was outright refused.[2] Further, although Bush names multiple defendants, she does not discuss precisely how or when each defendant was involved in the alleged FHA violations.

For the aforementioned reasons, an Order shall be entered granting plaintiff's request for waiver of filing fee, but summarily dismissing this complaint without prejudice.


Date: August 24, 2009        \_/s/_____
                             Andre M. Davis
                             United States District Judge

---

[2] Bush does not provide any dates of her communications to defendants. These unspecified communications concern the denial of a lease and a written agreement, the failure to apply money to rent, the refusal to relocate, and the denial of moving expenses. She has submitted a February 24, 2009, letter from defendant Miller, who stated that if "Bush was "interested in moving to a ground level unit…please advise Cynthia Davis and your request will be considered, assuming an apartment is available." Additional attachments show that a letter sent to Miller in July 2009 made no reference to housing accommodations.